IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ILLINOIS COMPUTER RESEARCH, LLC

Plaintiff,

v.

HARPERCOLLINS PUBLISHERS, INC., *et al.*,

Defendants.

Civil Action No. 10-C-9124

Judge Paul A. Crotty

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants HarperCollins Publishers, LLC, Random House, Inc. and Simon & Schuster, Inc. (collectively "Defendants") respectfully submit this memorandum in support of their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on the grounds that because of the manner in which the patent claims are drafted, Plaintiff cannot establish infringement of claims 7, 8, 11, 15, 16 and 17 of the patent-in-suit.

## I. INTRODUCTION

Plaintiff Illinois Computer Research, LLC ("ICR") asserts that Defendants infringe five independent claims of U.S. Patent No. 7,111,252 ("the '252 patent").[1] The '252 patent is a business method patent that relates, inter alia, to a method of enabling a user to preview portions of books over the Internet prior to purchase. A copy of the '252 patent is attached as Exhibit A to the Complaint. With respect to three of the independent claims asserted in this suit, Plaintiff cannot establish infringement because those claims are drafted to require that some of the steps

[1] An independent claim is one that sets forth all of the elements of the claim on its own. A dependent claim incorporates the elements of another claim (from which it is said to depend) and then adds additional elements. If an independent claim is not infringed then, as a matter of law, the claims that depend from it cannot be infringed either. Wahpeton Canvas Co., Inc. v. Frontier, Inc., 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

of the method are performed by the users of a website, while other steps are performed by the website operators.[2] The Federal Circuit has made clear that when patent claims are drafted such that no one party performs all the steps of a method, there can be no infringement unless the Plaintiff can establish the existence of an agency or contractual relationship between the accused infringer and the person performing the steps of the method. Here, Plaintiff cannot establish such a relationship between the Defendants and the users of their websites (e.g., consumers). Therefore, Plaintiff cannot establish infringement of independent claims 7, 11 and 15 as a matter of law. Because Plaintiff cannot establish direct infringement of these claims, Defendants' motion for judgment on the pleadings as to those claims – and as to claims 8, 16 and 17, which depend from those claims – should be granted.

## II. APPLICABLE LEGAL STANDARDS

In order to establish direct infringement of method claims, a patent owner must show that the accused infringer performs every step of the claimed method. Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1328 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1585 (2009); BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1372, 1378-79 (Fed. Cir. 2007). If the accused infringer cannot be said to have itself performed each step of the claimed method, infringement may only be shown based on a theory of joint infringement. See BMC Resources, 498 F.3d at 1378 (affirming the trial court's finding that "defendant would only infringe if the record showed that it directed or controlled the behavior of the financial institutions that performed those claimed method steps that Paymentech did not perform"). Thus, "where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if

[2] Defendants dispute that they and their users perform all the steps of the claimed method. However, for purposes of this motion on the pleadings, this Court need not address that issue of whether there is any actual infringement. The only question before the Court is whether every step of the method claims would be performed by a single person or entity.

one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party." Muniauction, 532 F.3d at 1329 (quoting BMC Resources, 498 F.3d at 1380-81). The Federal Circuit in Akamai Technologies, Inc. v. Limelight Networks, further explained that "there can only be joint infringement when there is an agency relationship between the parties who perform the method steps or when one party is contractually obligated to the other to perform the steps." 2010 U.S. App. LEXIS 25825, at *17-18 (Fed. Cir. Dec. 20, 2010).

Where the allegedly infringed claims, by their nature, require performance by two separate entities, and there is no basis for alleging joint infringement, dismissal is proper. See Desenberg v. Google, Inc., 2010 U.S. App. LEXIS 18317, at *4-5 (Fed. Cir. Aug. 31, 2010), *petition for cert. filed*, (U.S. Nov. 26, 2010) (No.10-706) (affirming the District Court for the Southern District of New York's dismissal of the plaintiff's complaint because "a claim for direct infringement 'would require [the plaintiff] to allege that [the accused infringer] performs both the 'user' and 'provider' steps in the claim, which [the plaintiff] has not alleged, and by the very terms of his patent, cannot realistically allege.'").

## III. METHOD CLAIMS 15, 16 AND 17, BY THEIR EXPRESS TERMS, REQUIRE THE USER AND THE PUBLISHING DEFENDANTS EACH TO PERFORM STEPS

Independent claim 15 is directed to a method "of reading a book over the Internet."

Claim 15 recites:

> A method of reading a book over the Internet, comprising:
> [1] requesting a page of a book on a client of the Internet;
> [2] determining, in a server of the Internet, if more than a specified number of pages of said book have been requested by a specified user; and
> [3] sending said page only if the specified number of pages does not exceed a threshold.

The first step of the method is "requesting a page of a book on a client of the Internet." The first step on its face describes an action taken by a user of requesting a page of the book over the Internet on his computer (client of the Internet). An operator of the website does not perform this step, and ICR cannot realistically allege that Defendants do so.

The second and third steps of the method of claim 15 are "determining, in a server of the Internet, if more than a specified number of pages of said book have been requested by a specified user" and "sending said page only if the specified number of pages does not exceed a threshold." The second and third steps describe actions that are allegedly performed by the operator of the website, not by the user. Indeed, the second step specifies that it is performed by the "server," which by definition cannot be the same as the "client" used to perform the first step.

Claim 15 is a classic example of a claim governed by Muniauction. Plaintiff can identify no single person or entity that performs all steps of the method. In fact, it would be impossible to do so because one party is requesting the page of the book (step 1) and another party is determining whether to send and sending the page to the first party (steps 2 and 3). As in Desenberg, 2010 U.S. App. LEXIS 18317 (Fed. Cir. 2010), because ICR cannot allege that the Defendants both request the page of the book on a user computer's and send the page from the server to the user's computer, dismissal of the infringement claim as to claim 15 and its dependent claims is proper unless Plaintiff could properly allege joint infringement.

Plaintiff has not alleged – and cannot allege – joint infringement because Defendants in no way control or direct users to request a page of a book. Claim 15 is similar to the claim that was disputed in Global Patent Holdings, LLC v. Panthers BRHC LLC. 586 F. Supp. 2d 1331 (S.D. Fla. 2008), aff'd, 318 Fed. Appx. 908, 909 (Fed. Cir. 2009) (cited with approval in Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc., 2010 U.S. Dist. LEXIS 135344, at *51-52, n.122

(S.D.N.Y. Dec. 20, 2010)). In Global Patent Holdings, the court found that "the patented process cannot start until the remote user visits Defendant's website. Plaintiff has not alleged that these individuals visit Defendant's website under Defendant's 'direction or control.' Therefore, the Court cannot conclude that Defendant and the remote users are 'joint infringers.'" Id. at 689. Similarly in this case, Plaintiff has not alleged that users request pages of books from Defendants' websites under Defendants' direction or control. Moreover, even if Plaintiff were to allege that Defendants' websites inform users how to "request[] a page of a book on a client of the Internet," this would still be insufficient to establish that the Defendants exhibit direction or control over users. Id. ("[T]he level of 'direction or control' the Federal Circuit intended was not mere guidance or instruction in how to conduct some of the steps of the method patent").

Furthermore, under Akamai, there is no basis for Plaintiff to allege that Defendants have an agency relationship with website users, or that there are contractual obligations to perform the steps of the method. See 2010 U.S. App. LEXIS 25825, *17-18 (Fed. Cir. Dec. 20, 2010). The performance of the first step of claim 15 can, in no way, be attributed to the Defendants.

Therefore, it is impossible, as a matter of law, for Defendants to directly infringe claim 15. Because claims 16 and 17 depend from claim 15, it is, likewise, impossible for Defendants to infringe claims 16 or 17. Wahpeton Canvas, 870 F.2d at 1552 n.9 ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim."). As such, Plaintiff's infringement allegations with respect to claims 15, 16 and 17 should be dismissed.

## IV. METHOD CLAIMS 7, 8 AND 11, BY THEIR EXPRESS TERMS, REQUIRE THE USER AND THE PUBLISHING DEFENDANTS EACH TO PERFORM STEPS

Independent claims 7 and 11 are directed to methods of receiving requests from clients and displaying images responsive to those requests. Claims 7 and 11 recite:

7. A method comprising:

[1] receiving, at a client of a network, information about which of a specified plurality of images to be displayed, each of specified plurality of images showing textual information and at least a plurality of said images showing non-textual information, said textual information representative of contents of a book;

[2] displaying said images responsive to said requests;

[3] displaying a screen tip, indicating what the reaction will be to a specified operation.

11. A method comprising:

[1] receiving, at a client of a network, information about which of a specified plurality of images to be displayed, each of specified plurality of images showing textual information and at least a plurality of said images showing non-textual information, said textual information representative of contents of an information media;

[2] displaying said images responsive to said requests; and

[3] displaying keys which enable moving a position of viewing of said information media.

The first step of independent claim 7 is "receiving, at a client of a network," information about the images of a book that are requested to be displayed. Independent claim 11 has a first step that is nearly identical to claim 7, substituting "information media" for "book". The first steps of the methods of claims 7 and 11 must be performed by the user of the website on his computer (the client of the network). The operator of the website does not perform these first steps that require receiving information at a client of a network.

The second and third steps of claims 7 and 11 describe "displaying" certain images and tools responsive to the user's requests. The second and third steps, therefore, describe actions taken by the operator of the website to display the images and tools to the user of the website.

Plaintiff can identify no single person or entity that performs all steps of the methods of claims 7 and 11. For the same reasons as with respect to claim 15, Plaintiff cannot establish that Defendants exhibited direction or control over the user so that all steps of the method are

attributable to Defendants. Moreover, Plaintiff is unable to allege joint infringement of claims 7 and 11 based on agency or contractual relations. Therefore, Defendants, necessarily, cannot infringe these claims. Because claim 8 is dependent on claim 7, Defendants also cannot infringe claim 8. See Wahpeton Canvas Co., 870 F.2d at 1552 n.9. As such, Plaintiff's infringement allegations with respect to claims 7, 8 and 11 should be dismissed.

**CONCLUSION**

Because no single party practices all of the steps of independent method claims 7, 11 and 15, and there is no basis for an allegation of joint infringement, Plaintiff cannot establish infringement of these claims as a matter of law. For the foregoing reasons, Defendant's motion for judgment on the pleadings with respect to claims 7, 8, 11, 15, 16 and 17 should be granted.

Dated: February 7, 2011

*/s/ Steven Lieberman*

Steven Lieberman
slieberman@rfem.com
Sharon L. Davis
sdavis@rfem.com
Brian S. Rosenbloom
brosenbloom@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, N.W.
Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Defendants, HarperCollins Publishers, LLC, Random House, Inc. and Simon & Schuster, Inc.*