USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 28, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILLINOIS COMPUTER RESEARCH LLC,

Plaintiff,

- against -

HARPERCOLLINS PUBLISHERS, INC., et al.,

Defendants.

10 Civ. 9124 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants Harper Collins Publishers, LLC, Random House, Inc., and Simon & Schuster, Inc. (collectively "Defendants") move under Fed. R. Civ. P. 12(c) for partial judgment on the pleadings of this patent infringement case.[1] Plaintiff Illinois Computer Research, LLC ("ICR") asserts that Defendants infringed five independent claims of U.S. Patent No. 7,111,252 ("'252 Patent").[2] The '252 Patent is a business method patent that enables users to preview portions of books over the Internet prior to purchase. (Mem. in Supp. 1). Defendants argue that ICR cannot establish infringement of patent claims 7, 8, 11, 15, 16, and 17 because, as drafted, they require multiple users.

Specifically, Defendants claim that three of these independent claims (7, 11, and 15) require that some of the steps of the method be performed by the website users (i.e., the consumers), and others by the website operators (i.e., Defendants).[3] When patent claims are

[1] Although the Complaint asserts infringement of claims 1, 7, 8, 11, and 15-21, (Compl. ¶¶ 11, 14, 17), the Initial Infringement Contentions submitted by ICR following the filing of this motion (in accordance with the Civil Case Management Plan) only asserts infringement of claims 1, 7, 8, 11, and 18-21. (Mem. in Opp. Ex. A, at 1).
[2] An independent claim satisfies all of the elements of the claim on its own, while a dependent claim simply adds elements to another claim. If an independent claim is not infringed, then the claims that depend on it cannot be infringed either. Wahpeton Canvas Co., Inc. v. Frontier, Inc., 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989). One may, however, infringe an independent claim without infringing a claim that depends on it. Id.
[3] Independent claim 15 states:

> A method of reading a book over the Internet, comprising

drafted such that no one party performs all the steps of a method, Defendants submit, there can be no direct infringement, unless the plaintiff can establish an agency or contractual relationship between the accused infringer and the other person performing the steps of the method (known as "joint infringement"). (Mem. in Supp. 2). Because ICR cannot establish infringement of these independent claims, Defendants contend, the claims that depend on those claims (8, 16, and 17) also fail.

ICR responds that this motion is premature and moot. Had Defendants waited for ICR's Initial Infringement Contentions, they would have learned that ICR does not assert claims 15, 16, and 17 in this litigation. (See Mem. in Opp. Ex. A). ICR, however, reserves its right to reassert these claims should it discover information to support them.

As to the remaining claims, ICR maintains that the motion is also premature, because arguments concerning multiple-party performance and joint infringement are properly addressed

---

(1) requesting a page of a book on a client of the Internet [i.e., a computer];
(2) determining, in a server of the Internet, if more than a specified number of pages of said book have been requested by a specified user; and
(3) sending said page only if the specific number of pages does not exceed a threshold.

(Mem. in Supp. 3). This first step of this method—requesting a page of a book—is taken by the user, not the Defendants. Defendants argue that, based on the language of the claim, the second and third steps must be performed by a different party—the server, or the operator. Because no single party controls every step of the method, and there is no agency or contractual relationship between the website users and provider, Defendants argue that there is no infringement.

Independent claims 7 and 11 relate to methods of receiving requests from clients and displaying images in response. Claim 7 states:

A method comprising
(4) receiving, at a client of a network, information about which of a specified plurality of images to be displayed, each of specified plurality of images showing textual information and at least a plurality of said images showing nontextual information, said textual information representative of contents of a book;
(5) displaying said images responsive to said requests; and
(6) displaying a screen tip, indicating what the reaction will be to a specified operation.

(Mem. in Supp. 6). Claim 11 is nearly identical, but relates to an information media as opposed to a book. (Id.). Similarly, Defendants argue that the first steps of claims 7 and 11 are performed by the user, while the second and third steps are performed by the operator.

after discovery, during claim construction.[4] ICR contends that claims 7 and 11 do not require multiple users; rather, all three steps are performed at, and therefore may be directly infringed at, the client device level. ICR argues that it only accuses the Defendants of indirect infringement (that is, encouraging and instructing others to commit direct infringement), not joint infringement.

In light of ICR's concessions and clarifications at oral argument today, the motion for judgment on the pleadings is DENIED.

**Discussion**

The legal standards for review of motions to dismiss and for judgment on pleadings are "indistinguishable" and consistent with the pleading requirements articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009). The Court assumes all facts alleged by the nonmovant to be true, and draws all reasonable inferences in favor of that party. Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

In analyzing claims under the Patent Act, this Court is bound by the precedents of the U.S. Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1295(a)(4)(C); Midwest Industries, Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1359 (Fed.Cir.1999) (applying Federal Circuit law to patent issues but local circuit court law to procedural issues); Astra Aktiebolag v. Andrx Pharmaceuticals, Inc., 208 F.R.D. 92, 96 (S.D.N.Y. 2002). In order to establish direct infringement of method claims, a patent owner must show that the accused infringer performs every step of the claimed method. Muniacution, Inc. v. Thomson Corp., 532 F.3d 1318, 1328 (Fed. Cir. 2008). One party must exercise control or direction over the entire process so that each step is attributable to that party. BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1372,

[4] Defendants' opening claim construction brief is due on September 15, 2011.

1378-79 (Fed. Cir. 2007). "A claim for indirect patent infringement requires a showing of specific intent to encourage another to infringe the patent as well as a predicate finding of direct infringement by some party." Symantec Corp. v. Computer Associates International, Inc., 522 F.3d 1279, 1292 (Fed. Cir. 2008).

ICR conceded at today's oral arguments that ICR does not assert infringement of claims 15, 16, and 17 (which are, in part, the subject of Defendants' motion). Accordingly, ICR should file an Amended Complaint formally withdrawing any assertions based on claims 15, 16, and 17.

ICR also clarified that its theory of recovery is limited to indirect infringement by Defendants, not direct infringement, of claims 7, 8, and 11. A claim of indirect infringement is sufficient at this stage to reject Defendants' motion for judgment on the pleadings.

**Conclusion**

For the reasons stated, Defendants' motion for judgment on the pleadings is DENIED. The Clerk is directed to terminate the motion listed at Docket #73.

Dated: New York, New York
July 28, 2011

SO ORDERED

Paul A. Crotty

PAUL A. CROTTY
United States District Judge